■ ALLAN CHAN et al., Appellants, v BED BATH & BEYOND, INC., et al., Defendants, and ALEXANDER'S OF REGO PARK, INC., Respondent. [726 NYS2d 127] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much an order of the Supreme Court, Queens County (Kitzes, J.), dated March 7, 2000, as denied their motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) against the defendant Alexander's of Rego Park, Inc.

Ordered that order is affirmed insofar as appealed from, with costs.

While installing electrical conduit wiring into the ceiling of a mall owned by the defendant Alexander's of Rego Park, Inc. (hereinafter Alexander's), Allan Chan (hereinafter the plaintiff) fell from an unsecured A-frame ladder and sustained an injury. At his examination before trial, the plaintiff testified that the ladder tilted, causing him to fall. However, his supervisor testified that on the following day the plaintiff told him during a telephone conversation that he slipped off of the ladder. The plaintiffs moved for summary judgment on the issue of liability pursuant to Labor Law § 240 (1), against, among others, Alexander's.

When a plaintiff is injured from a fall from a ladder that is not shown to be defective, the issue of whether the ladder provided proper protection under Labor Law § 240 (1) is a question of fact for the jury (see, Benefield v Halmar Corp., 264 AD2d 794). Thus, the Supreme Court properly denied the

plaintiffs' motion for summary judgment on the issue of liability against Alexander's.

The plaintiffs' remaining contention is without merit. Goldstein, J. P., McGinity, Schmidt and Smith, JJ., concur.