■ MANUEL FRANCISCO et al., Respondents, v 201 SAW MILL RIVER ROAD DEVELOPMENT CORP., Defendant and Third-Party Plaintiff-Respondent. ECCO III ENTERPRISES, INC., Third-Party Defendant-Appellant. [734 NYS2d 873] —In an action to recover damages for personal injuries, etc., the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Cowhey, J.), entered August 2, 2000, as granted the cross motion of the defendant third-party plaintiff for summary judgment seeking common-law indemnification against it, denied its cross motion, inter alia, for leave to amend its answer in the third-party action to

assert the affirmative defense of Workers' Compensation and for summary judgment based on that defense.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the defendant third-party plaintiff, payable by the third-party defendant.

The Supreme Court properly granted the cross motion of the third-party plaintiff for summary judgment on the third-party complaint for common-law indemnification. After the third-party plaintiff made a prima facie showing that it was entitled to summary judgment because it did not direct or control the injured plaintiff's work, the third-party defendant failed to raise a triable issue of fact (*see, Taddeo v 15 W. 72nd St. Owners Corp.*, 268 AD2d 468).

The Supreme Court providently exercised its discretion in denying that branch of the third-party defendant's cross motion which was for leave to amend its answer to assert the affirmative defense of Workers' Compensation. The decision to grant or deny leave to amend a pleading is within the court's discretion, and the exercise of such discretion will not easily be disturbed (*see, Pogue v Del Rosario,* 266 AD2d 525). In this case, the third-party defendant did not seek leave to amend its answer in a timely manner, failed to offer a reasonable excuse for the delay, and did not proffer an adequate showing of merit (*see, Amco Intl. v Long Is. R. R. Co.,* 273 AD2d 421).

The third-party defendant's remaining contention is without merit. Altman, J. P., Feuerstein, Townes and Prudenti, JJ., concur.