■ ERWIN WEISS et al., Appellants, v CITY OF NEW YORK, Respondent. [760 NYS2d 491] —Order, Supreme Court, New York County (Norman Ryp, J.), entered August 9, 2002, which denied plaintiff's CPLR 4404 motion for a directed verdict or for judgment notwithstanding the verdict, unanimously affirmed, without costs.

Plaintiff sustained injury in a fall from a ladder while installing a pedestrian signal at an intersection. Both during his deposition and at trial, he testified that the ladder was securely positioned, though not perfectly level. He could recall no defect in the ladder and did not know what caused him to fall. At trial, a coworker testified that as plaintiff descended the ladder, it appeared to be "twisting and bowing," although the witness made no such assertion in the course of his deposition testimony. The jury returned a special verdict in favor of defendant City, answering "Yes" to the question "whether or not plaintiff * * * was provided with a ladder so constructed, placed, operated and/or maintained to provide proper protection to him in the performance of his work." The jury was instructed to stop their deliberations if they answered "Yes" to this question, and not proceed to the next and only other question of whether the failure to provide proper protection was a proximate cause of the accident.

The issue whether the ladder provided proper protection was properly submitted to the jury. In addition to an elevation-related hazard, "[a] worker injured by a fall from an elevated worksite must also generally prove that the absence of or defect in a safety device was the proximate cause of his or her injuries." (*Felker v Corning Inc.,* 90 NY2d 219, 224 [1997].) This plaintiff failed to do, or so a jury could rationally find (*see Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 524 [1985]; *Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]).

While plaintiff's coworker testified that the ladder seemed to be "twisting and bowing a bit," the jury also heard that he made no such assertion in his deposition, and that plaintiff and the coworker continued to use the ladder the remainder of the workday. There was no evidence that the ladder was ever taken out of service. Plaintiff himself gave no indication that the ladder was defective, and while he testified that it was not perfectly level, he also said that it was secure and that he had climbed ladders similarly positioned innumerable times before.

We have considered plaintiff's other claims, including his unpreserved challenge to the court's charge, and find them unavailing. Concur—Buckley, P.J., Mazzarelli, Rosenberger, Friedman and Marlow, JJ.