■ CHRISTOPHER STORMS et al., Respondents, v DOMINICAN COLLEGE OF BLAUVELT, Appellant-Respondent, and FRED L. HOLT, INC., Doing Business as FRED HOLT CONSTRUCTION, Defendant and Third-Party Plaintiff-Appellant-Respondent. SCHAEFFER CONSTRUCTION Co., Third-Party Defendant-Respondent-Appellant. [765 NYS2d 882] —In an action to recover damages for personal injuries, etc., (1) the defendant Dominican College of Blauvelt appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (McGuirk, J.), entered February 1, 2002, as denied that branch of its motion which was for summary judgment on its claims for indemnification against the defendant Fred L. Holt, Inc., doing business as Fred Holt Construction and the third-party defendant Schaeffer Construction Co., and the defendant Fred L. Holt, Inc., doing business as Fred Holt Construction separately appeals from so much of the same order as denied its cross motion to vacate the note of issue, (2) the defendant Fred L. Holt, Inc., doing business as Fred Holt Construction appeals, as limited by its brief, from so much of an order of the same court, also entered February 1, 2002, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it, and (3) the defendant Dominican College of Blauvelt appeals, as limited by its brief, from so much of an order of the same court, also entered February 1, 2002, as denied its cross motion for summary judgment on its claim for indemnification against the third-party defendant Schaeffer Construction Co., the defendant Fred L. Holt, Inc., doing business as Fred Holt Construction appeals from so much of the same order as denied its motion for summary judgment on its claim for indemnification against the third-party defendant Schaeffer Construction Co., and the third-party defendant Schaeffer Construction Co. cross-appeals from the same order.

Ordered that the appeal by the defendant Fred L. Holt, Inc., doing business as Fred Holt Construction from the order denying its cross motion to vacate the note of issue is dismissed as abandoned; and it is further,

Ordered that the cross-appeal by the third-party defendant Schaeffer Construction Co. is dismissed, as it is not aggrieved by the portions of the order cross-appealed from (see CPLR 5511); and it is further,

Ordered that the order denying the cross motion of the defendant Fred L. Holt, Inc., doing business as Fred Holt Construction for summary judgment dismissing the complaint insofar as asserted against it is affirmed insofar as appealed from; and it is further,

Ordered that the order denying that branch of the motion of the defendant Dominican College of Blauvelt which was for summary judgment on its claims for indemnification against the defendant Fred L. Holt, Inc., doing business as Fred Holt Construction and the third-party defendant Schaeffer Construction Co., is modified by deleting the provision thereof denying that branch of the motion and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the order denying the cross motion of the defendant Dominican College of Blauvelt for summary judgment on its claim for indemnification against the third-party defendant Schaeffer Construction Co. is modified by deleting the provision thereof denying that cross motion and substituting therefor a provision granting that cross motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Dominican College of Blauvelt.

The plaintiff was a laborer engaged in constructing a residence hall at the defendant Dominican College of Blauvelt (hereinafter Dominican). The defendant Fred L. Holt, Inc., doing business as Fred Holt Construction (hereinafter Holt), was the general contractor. Holt subcontracted the job to the third-party defendant Schaeffer Construction Co. (hereinafter Schaeffer). The plaintiff, employed by Schaeffer, while in the process of dismantling scaffolding, accidentally stepped onto a plank from which he had just removed a bracket, and fell 25 feet from the scaffolding. The plaintiffs asserted claims of negligence and violations of Labor Law §§ 200, 240 (1), and § 241 (6).

The Supreme Court properly denied Holt's cross motion for summary judgment dismissing the complaint insofar as asserted against it because issues of fact exist as to whether the plaintiff's own conduct was the sole proximate cause of his injuries or whether Holt failed to provide the plaintiff with all safety measures to protect the plaintiff from risks associated with working on the elevated scaffolding and, if so, whether such failure was a substantial cause of his injury (*see Tweedy v Roman Catholic Church of Our Lady of Victory*, 232 AD2d 630 [1996]; *cf. Weininger v Hagedorn & Co.*, 91 NY2d 958 [1998]).

The Supreme Court also properly denied Holt's motion for summary judgment on its claim for indemnification against Schaeffer. Holt was not entitled to common-law indemnification against Schaeffer inasmuch as Holt failed to present

competent medical evidence that the injured plaintiff sustained a grave injury within the meaning of Workers' Compensation Law § 11 (*see Schuler v Kings Plaza Shopping Ctr. & Mar.*, 294 AD2d 556 [2002]). Holt was not entitled to contractual indemnification against Schaeffer as the anti-subrogation rule provides that an insurance company cannot recover from its own insured for the very risk for which the insured was covered (*see North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281 [1993]). Schaeffer's policy named Holt as an additional insured. Since the same insurance company covers Holt and Schaeffer for the same risk, the anti-subrogation rule applies, and indemnification is barred to the extent that any verdict in favor of the plaintiffs is within the limits of the policy purchased by Schaeffer (*see Yong Ju Kim v Herbert Constr. Co.*, 275 AD2d 709 [2000]).

Dominican, however, was entitled to indemnification against Holt and Schaeffer. Common-law indemnification is warranted where a defendant's role in causing the plaintiff's injury is solely passive, and thus its liability is purely vicarious (*see Taeschner v M & M Restorations*, 295 AD2d 598 [2002]; *Charles v Eisenberg*, 250 AD2d 801 [1998]). The record contains no evidence that Dominican maintained any direction or control over the safety aspects of the work or the manner in which the plaintiff carried out his tasks. Similarly, under the circumstances, Dominican was entitled to summary judgment on its contractual indemnity claims against Holt and Schaeffer based on the contractual agreements requiring them to indemnify and hold it harmless. Altman, J.P., McGinity, Luciano and H. Miller, JJ., concur.