■ CHRISTIAN W. BERENSON, Appellant-Respondent, v JERICHO WATER DISTRICT, Defendant and Third-Party Plaintiff-Respondent, SIDNEY B. BOWNE & SON, LLP, Defendant and Third-Party Defendant-Respondent-Appellant, et al., Third-Party Defendant. (And Other Third-Party Actions.) [822 NYS2d 145]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated June 25, 2004, as denied that branch of his motion which was for summary judgment against the defendant third-party plaintiff and the defendant third-party defendant on the issue of liability under Labor Law § 240 (1), and the defendant third-party defendant cross-appeals from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and the third-party complaint insofar as asserted against it, and granted that branch of the cross motion of the defendant third-party plaintiff which was for summary judgment on its third-party causes of action for contractual and common-law indemnification against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendant third-party plaintiff which was for summary judgment on its third-party cause of action for contractual indemnification against the defendant third-party defendant, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

While working at a construction site, the plaintiff fell from a scaffold and sustained injuries. In denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability under Labor Law § 240 (1), against the defendant third-party plaintiff, Jericho Water District (hereinafter JWD), the owner of the site, and the defendant third-party defendant, Sidney B. Bowne & Son, LLP (hereinafter Bowne), the engineering firm at the site, the Supreme Court determined that there was a triable issue of fact as to whether the plaintiff's conduct was the sole proximate cause of his injuries. In denying

Bowne's cross motion for summary judgment dismissing the complaint and the third-party complaint insofar as asserted against it, the Supreme Court determined that there was a triable issue of fact regarding the degree of supervision and control it exercised over the work. The Supreme Court also granted that branch of JWD's cross motion which was for summary judgment on its third-party causes of action for contractual and common-law indemnification against Bowne.

The plaintiff satisfied his prima facie burden of demonstrating his entitlement to judgment as a matter of law. However, in opposition, the defendants raised a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]) as to whether his conduct was the sole proximate cause of the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280 [2003]). Evidence was proffered in opposition to the motion suggesting that the plaintiff, or laborers under his supervision, placed an inadequate wooden plank (i.e., a "joist") on the scaffold causing it to collapse. When a plaintiff handles a scaffold in such a manner as to create the condition causing its collapse, his or her conduct is the sole proximate cause of the accident (*see Storms v Dominican Coll. of Blauvelt*, 308 AD2d 575, 576 [2003]; *Heffernan v Bais Corp.*, 294 AD2d 401, 402-403 [2002]; *Styer v Vita Constr.*, 174 AD2d 662, 663 [1991]).

Bowne's cross motion for summary judgment was properly denied, as Bowne failed to satisfy its prima facie burden of demonstrating its entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp., supra*). There was evidence suggesting that Bowne was JWD's agent at the site (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 318 [1981]).

The Supreme Court properly granted that branch of JWD's cross motion which was for summary judgment on its third-party cause of action for common-law indemnification against Bowne since it made a prima facie showing that it did not direct or control the plaintiff's work and Bowne failed to raise a triable issue of fact as to that issue (*see Francisco v 201 Saw Mill Riv. Rd. Dev. Corp.*, 289 AD2d 374, 375 [2001]). However, JWD's cross motion did not identify a provision of its contract with Bowne which entitled it to contractual indemnification. Accordingly, the Supreme Court erred in granting that branch of JWD's cross motion which was for summary judgment on its third-party cause of action for contractual indemnification against Bowne. Florio, J.P., Adams, Santucci and Lunn, JJ., concur.