■ Sebastian Maciejewski et al., Plaintiffs, v 975 Park Avenue Corporation et al., Defendants and Third-Party Plaintiffs-Appellants. Roy E. Green et al., Third-Party Defendants-Respondents. [831 NYS2d 226]—

In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal, as limited by their no-

tice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated December 6, 2005, as granted the third-party defendants' motion for summary judgment dismissing the third-party complaint and denied that branch of their cross motion which was for summary judgment on the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The third-party defendants, Roy E. Green and Harriet Green, resided in, and were proprietary lessees of, a single-family cooperative apartment in a building owned by the defendant third-party plaintiff 975 Park Avenue Corporation (hereinafter 975 Park Avenue) and managed by the defendant third-party plaintiff Charles H. Greenthal Management Corp. (hereinafter Greenthal Management). The third-party defendants hired Ziggy's Painting Company to perform certain painting services on the interior of their apartment. The injured plaintiff Sebastian Maciejewski (hereinafter Maciejewski) was employed by Ziggy's Painting Company and while working in the apartment he fell off a ladder and was injured. Thereafter, Maciejewski commenced this action against 975 Park Avenue and Greenthal Management alleging, inter alia, that they were liable for his injuries pursuant to Labor Law § 240 (1). By third-party summons and complaint, 975 Park Avenue and Greenthal Management alleged that to the extent they were found liable for Maciejewski's injuries, the third-party defendants were liable to indemnify them.

The Supreme Court properly determined that the third-party defendants were entitled to summary judgment dismissing the third-party complaint. The third-party defendants established a prima facie entitlement to summary judgment by demonstrating, as a matter of law, that they were not negligent (*see Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681, 684-685 [2005]; *cf. Frank v Meadowlakes Dev. Corp.*, 6 NY3d 687, 691-693 [2006]), and that they were exempt from liability under Labor Law § 240 (1) because they came under the exception contained in that statute for the "owners of one and two-family dwellings who contract for but do not direct or control the work" (*see Xirakis v 1115 Fifth Ave. Corp.*, 226 AD2d 452, 453 [1996], quoting Labor Law § 240 [1]). The third-party defendants also demonstrated that there was no agreement in effect requiring them to indemnify 975 Park Avenue or Greenthal Management (*see Berenson v Jericho Water Dist.*, 33 AD3d 574 [2006]; *see also Tonking v Port Auth. of N.Y. & N.J.*, 3 NY3d 486, 489-490 [2004]). In opposition, 975 Park Avenue and Greenthal Manage-

ment failed to raise a triable issue of fact. Miller, J.P., Spolzino, Ritter and Lifson, JJ., concur. [*See* 10 Misc 3d 1079(A), 2005 NY Slip Op 52258(U) (2005).]