■ DENNIS BUCKLEY et al., Appellants, v J.A. JONES/GMO, Respondent. [832 NYS2d 560]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about May 31, 2006, which denied plaintiffs' motion for partial summary judgment as to liability on their causes of action under Labor Law § 240 (1), unanimously affirmed, without costs.

This is an action by plaintiff Dennis Buckley and his wife (suing derivatively) to recover damages for injuries Buckley sustained when he fell from a ladder he was ascending to do welding work on the roof setback of an atrium being renovated at the United States Post Office at Cadman Plaza in Brooklyn. Defendant J.A. Jones/GMO (J.A. Jones) was the general contractor for the project; Buckley was an employee of nonparty Cross

Country Contracting (Cross Country), a second tier subcontractor on the project. According to Buckley's deposition testimony and the affidavit of his foreman, Declan White, the ladder from which Buckley fell had been leaning on a column and was not "tied off" at the top or bottom. Buckley testified that he fell when the ladder "kicked out from underneath [him]," which he attributed to the ladder not being "tied off, or it could have been the footings on the ladder." However, a "Job Site Incident Report" prepared by Lucky Caswell, Jr., J.A. Jones's safety supervisor at the job site, states that White, Buckley's foreman, told Caswell that the ladder in question "was an A frame ladder 6ft tall and was being used proper[ly] and was not leaning up against anything." The incident report further states that White also told Caswell that Buckley "just slipped" as a result of "los-[ing] his footing" while climbing the ladder.

On this record, Supreme Court correctly denied plaintiffs' motion for partial summary judgment as to liability under Labor Law § 240 (1). While it is undisputed on appeal that plaintiffs' moving papers made out a prima facie case for summary judgment as to liability under section 240 (1), the aforementioned incident report—which, contrary to plaintiffs' assertions, is inconsistent with Buckley's testimony and White's affidavit—would, if admitted at trial, raise a triable issue of fact as to whether Buckley's accident in fact resulted from a violation of the statute. Specifically, J.A. Jones would not be subject to statutory liability if, as the incident report indicates, Buckley simply lost his footing while climbing a properly erected, nondefective A-frame ladder that did not malfunction (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003] [affirming verdict for defendant where, although plaintiff was injured while using a ladder, there was "no violation (of Labor Law § 240 [1]) and the worker's actions . . . (were) the 'sole proximate cause' of the accident"]; *Weiss v City of New York*, 306 AD2d 64, 64 [2003] [affirming denial of plaintiff's motion for judgment notwithstanding the verdict where the jury could "rationally find" that plaintiff failed to prove that his fall from a ladder was proximately caused by a Labor Law § 240 (1) violation]; *Chan v Bed Bath & Beyond*, 284 AD2d 290, 290 [2001] [affirming denial of plaintiff's motion for partial summary judgment as to liability under Labor Law § 240 (1) where plaintiff allegedly told his supervisor that he "slipped off of the ladder"]).

Contrary to plaintiffs' contentions, the incident report (which plaintiffs do not dispute was prepared in the ordinary course of J.A. Jones's business) may be admissible as a business record

under CPLR 4518. Although White, the foreman who provided Caswell with the information in the report, stated in his affidavit that he did not see Buckley fall, White also stated in his affidavit that he "personally witnessed the circumstances surrounding Mr. Buckley's accident." Thus, White may be found at trial to have had "personal knowledge" of the information about the position of the ladder he provided to Caswell, the author of the report (*see Matter of Leon RR*, 48 NY2d 117, 123 [1979]). In any event, under the circumstances presented here, the use of the incident report to defeat the motion for summary judgment was appropriate (*see Levbarg v City of New York*, 282 AD2d 239, 241 [2001]; *Eitner v 119 W. 71st St. Owners Corp.*, 253 AD2d 641, 642 [1998]). As to the requirement of a "business duty" to report the information in question (*Matter of Leon RR*, 48 NY2d at 122), given that White was a foreman employed by a subcontractor on the project, it may reasonably be inferred that he was under a business duty to furnish information about an on-the-job accident to Caswell, the general contractor's safety supervisor (*see id.* at 123). That White and Caswell were employed by different companies (Cross Country and J.A. Jones, respectively) does not negate the inference that White had a business duty to report such information to Caswell (*see People v Cratsley*, 86 NY2d 81, 90-91 [1995] [clinical report prepared for sheltered workshop by independent contractor was admissible]; *Pencom Sys. v Shapiro*, 237 AD2d 144 [1997] [recruitment firm's business records containing information provided by job applicants not employed by firm were admissible]). In any event, any issue as to whether White had a business duty to report the incident to Caswell is, for present purposes, unpreserved, as plaintiffs failed to raise any such issue before Supreme Court. We also note that, to the extent the incident report reflects statements by Buckley that White reported to Caswell, such statements would be admissible against plaintiffs as party admissions (*see Kelly v Wasserman*, 5 NY2d 425, 428-430 [1959]; *Penn v Kirsh*, 40 AD2d 814 [1972]; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C4518:3). Concur—Friedman, J.P., Williams, Gonzalez, Sweeny and McGuire, JJ.