■ PETER SPANO, Appellant, v NORTHWOOD TREE CARE, INC., Respondent. [852 NYS2d 289]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), dated September 18, 2006, as granted the defendant's motion for summary judgment dismissing the complaint and denied his cross motion for leave to amend the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On February 3, 2005 the plaintiff was injured while performing tree debris removal for his employer, the Town of Mount Pleasant, which contracted with the defendant to cut down a tree, and which provided its own employees to haul the resultant logs away. According to the plaintiff, when one of his coworkers attempted to pick up a particular log with a "front end loader," the log, which was "too big" for the front end loader's bucket, "popped out" and fell on his ankle. The plaintiff alleged, inter alia, that the defendant's employees negligently created "unreasonably large and unmanageable" logs for him and his coworkers to haul away, and commenced the instant action against the defendant, seeking to recover damages for injuries that he allegedly suffered as a result of the accident.

On its motion for summary judgment dismissing the complaint, the defendant demonstrated its prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The defendant established that it did not owe a duty of care to the plaintiff by virtue of its contract with the Town (*see Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]; *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138-141 [2002]) and, in any event, that it properly performed its obligations thereunder. In response, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). Accordingly, the Supreme Court correctly granted the defendant's motion.

The Supreme Court also correctly denied the plaintiff's cross motion for leave to amend the complaint. While leave to amend a complaint shall be freely given (*see* CPLR 3025 [b]), leave may be denied where, as here, the proposed amendment is palpably insufficient or patently devoid of merit (*see AYW Networks v Teleport Communications Group*, 309 AD2d 724, 725 [2003]). Fisher, J.P., Lifson, Covello and McCarthy, JJ., concur.