■ MID-VALLEY OIL COMPANY, INC., Appellant, et al., Intervenor-Plaintiff, v HUGHES NETWORK SYSTEMS, INC., Defendant and Third-Party Plaintiff-Respondent. NORTH STAR VIDEO, INC., Third-Party Defendant. [862 NYS2d 291]—In an action, inter alia, for common-law and contractual indemnification, the plaintiff appeals from an order of the Supreme Court, Orange County (Rosenwasser, J.), dated September 8, 2005, which denied its motion for leave to amend the complaint to add Mobil Oil Corporation as a party defendant.

Ordered that the order is affirmed, with costs.

The plaintiff moved for leave to amend the complaint to add Mobil Oil Corporation (hereinafter Mobil) as a party defendant and to assert causes of action based upon common-law and contractual indemnification against Mobil. While leave to amend a complaint should be freely granted (see CPLR 3025 [b]), leave should be denied where, as here, the proposed amendment is palpably insufficient and patently devoid of merit (see Spano v Northwood Tree Care, Inc. 48 AD3d 667 [2008]; Marcus & Co., LLP v Pescitelli, 48 AD3d 646 [2008]; Maciejewski v 975 Park Ave. Corp., 37 AD3d 773, 774 [2007]; Perri v Gilbert Johnson Enters., Ltd., 14 AD3d 681, 684-685 [2005]). Moreover, the plaintiff failed to provide a reasonable excuse for its delay in making the motion (see Surgical Design Corp. v Correa, 31

AD3d 744, 745 [2006]). Therefore, the Supreme Court properly denied the plaintiff's motion. Skelos, J.P., Santucci, Balkin and Chambers, JJ., concur.