■ BENJAMIN AGRISPIN, Plaintiff, v 31 EAST 12TH STREET OWNERS, INC., et al., Appellants, and FIONA DUFF, Respondent, et al., Defendant. [909 NYS2d 446]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered April 9, 2009, which granted defendant Fiona Duff's motion for summary judgment dismissing the cross claims of defendants 31 East 12th Street Owners and Buchbinder & Warren for contractual and common-law indemnity as against her, unanimously affirmed, with costs.

Plaintiff window washer fell while cleaning the outside of a window in Duff's cooperative apartment. He testified that the clip of his safety belt slipped from an anchor post affixed to the facade of the building. It is undisputed that Duff's proprietary lease placed the obligation to maintain the building's structural components on defendants. Contrary to defendants' contention, there is no evidence in the record that raises an issue of fact whether any act or omission by Duff caused plaintiff's injuries and triggered the indemnity provisions of the lease. Duff hired plaintiff's employer, but she did not control or supervise plaintiff's work. Plaintiff's employer provided the safety equipment plaintiff used, which plaintiff inspected before beginning work and found both adequate and fully functional.

Defendants contend that plaintiff's injuries were caused by Duff's failure to comply with Labor Law § 202 and provide plaintiff with a safe means of cleaning her windows, as required by the "Window Cleaning" provision of the lease (¶ 30). However, their theory that there was a defect in plaintiff's safety belt is unsupported by any evidence.

Contrary to the motion court's conclusion, the "Indemnity" provision of the lease (¶ 11) did not violate General Obligations Law § 5-321, since it did not obligate Duff to indemnify defendants for injury caused by their negligence. Paragraph 11 required Duff to indemnify defendants for injury caused by their negligence only when defendants were acting as agents for her, as provided in the lease, in which circumstance their negligence would be imputed to Duff. However, defendants' contention that they raised an issue of fact whether paragraph 11 was triggered by plaintiff's "visiting" in Duff's apartment, as that paragraph provided, is unsupported by any evidence that plaintiff was doing anything other than cleaning Duff's windows.

We have considered defendants' remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, Catterson, Renwick and DeGrasse, JJ.