■ LEONARD ELLERBE, Appellant, v THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Respondents. [936 NYS2d 39]—

Plaintiff allegedly sustained injuries when he fell from an extension ladder he had ascended in order to perform steel deckwork on a construction project. Defendant The Port Authority of New York and New Jersey owned the property, and defendant Bovis Lend Lease was the project's construction manager. Defendants contracted with plaintiff's employer, nonparty Cornell Steel, to perform steel erection at the project. According to Ellerbe's deposition, the ladder from which he fell

had only been "tied off" at the top right side and the ladder had "reared back" when he attempted to dismount from the top of the ladder by stepping to his left onto the deck floor.

However, Bovis site safety manager Omar Jackson testified that plaintiff told him, immediately after the fall and while plaintiff was still on the ground, that he fell because he "lost his footing." This account was memorialized in a Bovis incident report completed by Jackson that day. Jackson also testified that he inspected and climbed the ladder immediately after plaintiff's fall, finding it to be stable, since its feet were wedged between cells in the corrugated steel floor, and its upper right column was also secured. In an affidavit, Jackson averred that, based upon his inspection of the ladder, the accident could not have happened as plaintiff claims.

On this record, Supreme Court correctly denied plaintiff's motion for partial summary judgment as to liability under Labor Law § 240 (1). While it is undisputed that plaintiff made out a prima facie case, the aforementioned incident report and testimony of Jackson, which is inconsistent with Ellerbe's account, raises a triable issue of fact as to whether Ellerbe's accident in fact resulted from a violation of the statute. Where credible evidence reveals differing versions of the accident, one under which defendants would be liable and another under which they would not, questions of fact exist making summary judgment inappropriate (see Santiago v Fred-Doug 117, L.L.C., 68 AD3d 555 [2009]; Antenucci v Three Dogs, LLC, 41 AD3d 205 [2007]; Boccia v City of New York, 46 AD3d 421 2007] [2007]).

Defendants would not be subject to statutory liability if plaintiff simply lost his footing while climbing a properly secured, non-defective extension ladder that did not malfunction (see Buckley v J.A. Jones/GMO, 38 AD3d 461, 462 [2007]; Taglioni v Harbor Cove Assoc., 308 AD2d 441, 442 [2003]; Chan v Bed Bath & Beyond, 284 AD2d 290 [2001]). Contrary to plaintiff's contentions, Jackson's affidavit was not inconsistent with his deposition testimony and thus, did not constitute an attempt to create a feigned issue of fact (see Nesper v Goldmag Hacking Corp., 77 AD3d 598 [2010]).

Jackson's testimony concerning defendants' policy of using stair towers instead of ladders did not constitute an admission that the ladder was an inappropriate safety device for the work. Plaintiff submitted no evidence that an otherwise non-defective ladder would be a per se inadequate device for the task at hand, i.e., climbing up a single story (compare Carino v Webster Place Assoc., LP, 45 AD3d 351 [2007]). Concur—Saxe, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Román, JJ.