Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered December 6, 2012, which, to the extent appealed from as limited by the briefs, granted defendants Mr. John Inc. and Russell Reid Waste Hauling and Disposal Service Co., Inc.’s motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiff Giovanni Acevedo slipped and fell on ice on the sidewalk outside his employer’s premises, sustaining injuries. Plaintiff, and his wife suing derivatively, claim that defendants Mr. John Inc. and Russell Reid Waste Hauling and Disposal Services Co. Inc. (defendants) had negligently installed or maintained two septic tanks serving the office trailer on the premises occupied by plaintiffs employer, causing the tanks to leak, which resulted in the icy condition. The tanks sat immediately adjacent to the trailer and were connected to it by PVC piping.
*417 Defendants established prima facie their entitlement to summary judgment. The evidence showed that the septic system installed and maintained by defendant was not a proximate cause of plaintiff’s accident. The plumbing repair report completed the day after plaintiff’s accident, which makes no mention of any problems with the septic tanks or PVC piping, states that a copper pipe running 150 feet from the trailer to a nearby building had broken in two places, pipes had frozen and heat tracing was not working.
The only evidence offered by plaintiff to show that there was leakage from the septic system installed and serviced by defendants was inadmissible hearsay. Specifically, the branch manager for plaintiffs employer at the time of the accident states in an affidavit that the plumbing company came to determine the problem and he “was told” that the septic tank was not working properly. Further, the portion of the accident report attributing the accident to a damaged septic tank and broken pipes was based on information provided by the branch manager, whose affidavit demonstrates he had no personal knowledge of the problem. Thus, this portion of the accident report is hearsay for which no exception applies (see Matter of Leon RR, 48 NY2d 117, 122 [1979]; see also Buckley v J.A. Jones/GMO, 38 AD3d 461, 462-463 [1st Dept 2007]). Concur — Friedman, J.E, Renwick, Moskowitz, Richter and Feinman, JJ.