■ Jose Orlando Campos, Respondent, v 68 East 86th Street Owners Corp., Appellant/Third-Party Plaintiff-Appellant. (And a Second Third-Party Action.) [988 NYS2d 1]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered July 16, 2013, which denied defendant's motion for summary judgment dismissing the complaint, granted plaintiff's cross motion for summary judgment on the issue of defendant's liability pursuant to Labor Law § 240 (1), and granted third-party defendant's motion for summary judgment dismissing the third-party complaint, unanimously modified, on the law, to grant defendant's motion as to the Labor Law § 241 (6) claim, and to deny plaintiff's motion, and otherwise affirmed, without costs.

Plaintiff, an employee of second third-party defendant Primacy Contracting Inc. (Primacy), was injured when he fell off an A-frame ladder while sanding the ceiling of a closet in a cooperative apartment. Defendant/third-party plaintiff is the cooperative corporation. Third-party defendant, Jeffrey Rosen, a shareholder of the corporation and the proprietary lessee, hired Primacy to paint the apartment. Primacy provided the ladder and directed plaintiff's work.

To establish liability under Labor Law § 240 (1), a plaintiff must prove a violation of the statute that was the proximate cause of his injury (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]). A fall from a ladder does not in and of itself establish that the ladder did not provide appropriate protection (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1

NY3d 280, 288-289 [2003]; *Ellerbe v Port Auth. of N.Y. & N.J.*, 91 AD3d 441 [1st Dept 2012]; *Buckley v J.A. Jones/GMO*, 38 AD3d 461 [1st Dept 2007]).

The record before us demonstrates the existence of triable issues of fact as to how plaintiff's accident occurred, and it cannot be concluded, as a matter of law, that the alleged failure to provide him with proper protection proximately caused his injuries (*see Degen v Uniondale Union Free Sch. Dist.*, 114 AD3d 822 [2d Dept 2014]; *Esteves-Rivas v W2001Z/15CPW Realty, LLC*, 104 AD3d 802 [2d Dept 2013]; *Ellerbe*, 91 AD3d at 442; *Delahaye v Saint Anns School*, 40 AD3d 679 [2d Dept 2007]). Plaintiff testified that he "fell backwards and the ladder forward," and submitted an affidavit in which he stated that the ladder suddenly went forward and he simultaneously fell backwards, and that he did not become dizzy or lose his balance. However, plaintiff also testified that he opened the ladder, locked it and checked that it was sturdy, that he was not experiencing any problems with the ladder while he was on it, that he did not remember how he fell off the ladder or know why he fell off, and that he did not feel the ladder move before he fell. When asked if remembered or knew if the ladder shook or wobbled, plaintiff responded, "No." Furthermore, plaintiff's employer testified that he situated the ladder immediately before plaintiff's fall, locked the braces and climbed it himself, and that when he went back into the room after plaintiff fell, the ladder was in the same place as before the accident and was not on the ground, and that plaintiff did not say that there was anything wrong with the ladder that caused him to fall. These contradictions raise credibility issues which cannot be resolved on a motion for summary judgment.

Plaintiff's claim under Labor Law § 241 (6), based on violations of Industrial Code (12 NYCRR) § 23-1.21 (b) (1), (3) (iv) and (4) (ii) should be dismissed. There is no evidence that the ladder was unable to sustain plaintiff's weight, or was not in good condition, or that the floor underneath it was slippery. Plaintiff testified that he had used the ladder in question without incident before the accident (*see e.g. Croussett v Chen*, 102 AD3d 448 [1st Dept 2013]).

Rosen, who was not negligent, may not be held liable under Labor Law § 240 (1) because he falls under the exception contained in the statute for the "owners of one and two-family dwellings who contract for but do not direct or control the work" (*see Maciejewski v 975 Park Ave. Corp.*, 37 AD3d 773 [2d Dept 2007], *lv denied* 8 NY3d 815 [2007]). Defendant did not raise an issue of fact as to whether the indemnity provisions of

paragraph 11 of the proprietary lease, which apply to "liability . . . arising from injury to person . . . due wholly or in part to any act, default or omission of the Lessee or of any person dwelling or visiting in the apartment, or by the Lessor, its agents, servants or contractors, when acting as agent for the Lessee as in this lease provided," were triggered.

"A party is entitled to full contractual indemnification provided that the intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances" (*see Drzewinski v Atlantic Scaffold & Ladder Co.*, 70 NY2d 774, 777 [1987] [internal quotation marks omitted]). When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty that the parties did not intend to be assumed (*see e.g. Hooper Assoc. v AGS Computers*, 74 NY2d 487 [1989]). Where there is an ambiguity as to the meaning of a lease prepared by the landlord, the ambiguity should be resolved in favor of the lessee (*see 151 W. Assoc. v Printsiples Fabric Corp.*, 61 NY2d 732 [1984]).

Here, the term "visitor" is not defined in the proprietary lease, and a reasonable interpretation of "any person . . . visiting in the apartment," as used in paragraph 11, would distinguish plaintiff, a worker or "servant," employed by "contractor" Primacy, from a visitor (*see Agrispin v 31 E. 12th St. Owners, Inc.*, 77 AD3d 562, 563 [1st Dept 2010] ["defendants' contention that they raised an issue of fact whether paragraph 11 was triggered by plaintiff's 'visiting' in Duff's apartment, as that paragraph provided, is unsupported by any evidence that plaintiff was doing anything other than cleaning Duff's windows"]). Rosen testified at his deposition that he did not know plaintiff and that he only learned of the incident 1½ years after it occurred. In this regard, we note that in describing the circumstances under which the indemnity would be triggered by the act or omission of the lessor, when acting as the agent for the lessee, paragraph 11 specifically includes the lessor's "agents, servants or contractors," terms that are not included in the part of the provision that addresses the acts that would trigger the lessee's indemnity obligations. Concur—Tom, J.P., Friedman, Andrias, Saxe and DeGrasse, JJ.