■ RICHARD CABAN, Appellant-Respondent, v PLAZA CONSTRUCTION CORP. et al., Defendants/Third-Party Plaintiffs-Respondents-Appellants. FOREST ELECTRIC CORP., Third-Party Defendant-Respondent. [61 NYS3d 47]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (McDonald, J.), entered February 19, 2015, as denied his cross motion for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action and granted that branch of the defendants third-party plaintiffs' motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence, and the defendants third-party plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their motion which was for summary judgment on their third-party cause of action against Forest Electric Corp. for contractual indemnification.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants third-party plaintiffs' motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against the defendant third-party plaintiff Plaza Construction Corp., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the third-party defendant Forest Electric Corp., payable by the defendants third-party plaintiffs.

The defendant third-party plaintiff Plaza Construction Corp. (hereinafter Plaza) was the construction manager on the renovation of the interior of an office building owned by the defendant third-party plaintiff UBS Real Estate Investments, Inc. (hereinafter UBS). The plaintiff was employed by a carpentry subcontractor and, at the time of the accident, his assigned work required him to stand on a scaffold and install track on a 12-foot-high ceiling. At the same time that the plaintiff was working on the scaffold, the electrical subcontractor, Forest Electric Corp. (hereinafter Forest), was installing electrical outlets and cables inside the raised floor, requiring the removal of certain floor tiles. As the plaintiff walked along the scaffold to reach an area of the ceiling, one of the wheels of the scaffold went into an opening in the floor where tiles had been removed, and the plaintiff fell off the scaffold.

The plaintiff commenced this action against, among others, Plaza and UBS and related entities (hereinafter collectively the defendants). The defendants commenced a third-party action against Forest, inter alia, for contractual indemnification. The defendants moved for summary judgment dismissing the complaint and for summary judgment on their third-party causes of action against Forest. The plaintiff cross-moved for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action. The Supreme Court, among other things, granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence, granted that branch of their motion which was for summary judgment on the third-party cause of action for contractual indemnification, and denied the plaintiff's cross motion for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action.

The Supreme Court properly denied the plaintiff's cross motion for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action. The plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating that he was engaged in work within the ambit of the statute and that his injuries were proximately caused by "the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *see Guanopatin v Flushing Acquisition Holdings, LLC*, 127 AD3d 812, 813 [2015]). Among other things, the plaintiff demonstrated that he complained to his foreman that the scaffold was "wobbly" on one side, but the foreman told him to use the scaffold anyway, he was directed

to work on the scaffold without assistance in an area where the raised floor had missing tiles, and he fell from the scaffold because it either collapsed or tilted (*see Viera v WFJ Realty Corp.*, 140 AD3d 737, 738 [2016]; *Nimirovski v Vornado Realty Trust Co.*, 29 AD3d 762 [2006]; *compare Raynor v Quality Plaza Realty, LLC*, 84 AD3d 774, 775 [2011], *with Jiron v China Buddhist Assn.*, 266 AD2d 347, 350 [1999]). However, in opposition to the plaintiff's prima facie showing, the defendants raised a triable issue of fact as to whether his conduct was the sole proximate cause of his injury because he was allegedly using the scaffold in an unsafe and prohibited manner immediately prior to the accident (*see Berenson v Jericho Water Dist.*, 33 AD3d 574, 576 [2006]; *Storms v Dominican Coll. of Blauvelt*, 308 AD2d 575, 576 [2003]; *cf. Durmiaki v International Bus. Machs. Corp.*, 85 AD3d 960, 961 [2011]).

The Supreme Court also properly denied the defendants' motion for summary judgment on their third-party cause of action against Forest for contractual indemnification because they failed to eliminate all triable issues of fact as to whether the accident arose out of or was connected with the performance of Forest's work, pursuant to the terms of the subject indemnification provision (*see Shaughnessy v Huntington Hosp. Assn.*, 147 AD3d 994 [2017]; *Soto v Alert No. 1 Alarm Sys.*, 272 AD2d 466, 468 [2000]; *cf. Assevero v Hamilton & Church Props., LLC*, 131 AD3d 553, 558 [2015]; *Argueta v Pomona Panorama Estates, Ltd.*, 39 AD3d 785, 786 [2007]).

The Supreme Court erred, however, in determining that the defendants were entitled to summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against Plaza. Where, as here, a claim arises out of the means and methods of the work, a defendant may be held liable for common-law negligence or a violation of Labor Law § 200 "only if he or she had 'the authority to supervise or control the performance of the work' " (*Forssell v Lerner*, 101 AD3d 807, 808 [2012], quoting *Ortega v Puccia*, 57 AD3d 54, 61 [2008]; *see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 316-317 [1981]; *Gonzalez v Perkan Concrete Corp.*, 110 AD3d 955, 958-959 [2013]). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (*Ortega v Puccia*, 57 AD3d at 62; *see Cody v State of New York*, 82 AD3d 925, 927 [2011]).

Here, the defendants failed to establish, prima facie, that Plaza did not have the authority to exercise supervision and

control over the subject work. The defendants' submissions demonstrated that Plaza, as the construction manager, had a project superintendent at the work site on a daily basis who was responsible for job coordination and safety supervision. Plaza had the authority to stop work if a particular activity or condition was unsafe, and to regulate which workers and equipment were allowed in particular areas of the work site. Moreover, Plaza's project superintendent held weekly meetings with every subcontractor. Although the superintendent testified at his deposition that he gave directions to the subcontractors' supervisors, rather than to the workers themselves, he could tell a supervisor to immediately relay a safety-related instruction to a worker at any given time. Under these circumstances, the defendants' submissions failed to eliminate all triable issues of fact as to whether Plaza was acting as the general contractor and had the authority to supervise and control the manner in which the plaintiff performed his work (*see Russin v Louis N. Picciano & Son*, 54 NY2d at 316-317; *Zupan v Irwin Contr., Inc.*, 145 AD3d 715, 717 [2016]; *Kosinski v Brendan Moran Custom Carpentry, Inc.*, 138 AD3d 935, 936-937 [2016]; cf. *LaRosa v Internap Network Servs. Corp.*, 83 AD3d 905, 909 [2011]). As the defendants failed to meet their prima facie burden on this issue, we need not consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against Plaza. Leventhal, J.P., Hall, Hinds-Radix and Maltese, JJ., concur.