Marquez v 171 Tenants Corp. (2020 NY Slip Op 00826)





Marquez v 171 Tenants Corp.


2020 NY Slip Op 00826


Decided on February 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2020

Friedman, J.P., Renwick, Manzanet-Daniels, Singh, González, JJ.


106616/11 590934/12 -89 10946 M-8919

[*1]Raul Marquez, Plaintiff-Respondent,
v
171 Tenants Corp, Defendant-Appellant, David Kleinberg Levin, et al., Defendants-Respondents. 
[And Third-Party Actions]
171 Tenants Corp., Third Third-Party Plaintiff-Appellant,
v
Cynthia Cook, Third Third-Party Defendant-Respondent.


Mischel & Horn, P.C., New York (Lauren Bryant of counsel), for appellant.
Law Office of Stephen H. Frankel, Garden City (Nicholas E. Tzaneteas of counsel), for Raul Marquez, respondent.
Law Office of James J. Toomey, New York (Evy L. Kazansky of counsel), for David Kleinberg Levin, respondent.
Leahey & Johnson, P.C., New York (Michael G. Dempsey of counsel), for Kenneth Cook and Cynthia Cook, respondents.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered May 22, 2019, which, to the extent appealed from as limited by the briefs, denied defendant/third third-party plaintiff 171 Tenants Corp.'s motion for summary judgment on its contractual indemnification claims against defendants David Kleinberg-Levin and Kenneth Cook and third-third party defendant Cynthia Cook, and granted the cross motions of Kleinberg-Levin and the Cooks for summary judgment dismissing all claims and cross claims against them, unanimously affirmed, without costs.
Plaintiff's employer was retained by Kleinberg-Levin and the Cooks, tenant-shareholders of two units in defendant 171 Tenants' cooperative building, to paint the common hallway outside their units. Plaintiff allegedly fell from a ladder while painting the hallway, and brought suit against 171 Tenants, Kleinberg-Levin and Kenneth Cook asserting common-law negligence and Labor Law claims. 171 Tenants asserted claims against Kleinberg-Levin and the Cooks seeking contractual indemnification under their respective proprietary leases.
Kleinberg-Levin and the Cooks demonstrated entitlement to summary judgment dismissing all Labor Law claims against them because they are exempt from liability under the homeowner's exemption of the Labor Law (see Urquiza v Park & 76th St., Inc., 172 AD3d 518 [1st Dept 2019]; Brown v Christopher St. Owners Corp., 211 AD2d 441 [1st Dept 1995], affd 87 NY2d 983 [1996]). While the work was not performed within their residences, it was undertaken [*2]for their benefit as single-family occupants, and not for any commercial purpose (see Cannon v Putnam, 76 NY2d 644, 650 [1990]; Jimenez v Pacheco, 73 AD3d 1129, 1130 [2d Dept 2010]). Further, the fact that Kleinberg-Levin and the Cooks selected paint colors and wallpaper samples is insufficient to cast them in Labor Law liability (see Pesa v Ginsberg, 186 AD2d 521 [1st Dept 1992]).
The motion court also correctly dismissed the 171 Tenants' contractual indemnity claims against Kleinberg-Levin and the Cooks. The proprietary lease required them to indemnify 171 Tenants from any loss or claim "due wholly or in part to any act, default or omission of the Lessee or of any person dwelling or visiting in the apartment." Merely engaging plaintiff's employer to paint the hallway outside their apartment is not an "act" in and of itself that would trigger the indemnity clause in the
proprietary lease (see Campos v 68 E. 86th St. Owners Corp., 117 AD3d 593, 595 [1st Dept 2014]; Agrispin v 31 E. 12th St. Owners, Inc., 77 AD3d 562 [1st Dept 2010]).
M -8919 &
M -89 - Marquez v 171 Tenants Corp., et al.
Motions to strike plaintiff-respondent's
brief denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 4, 2020
CLERK