| |
|---|
| **Rivera v AJL Interiors Corp.** |
| 2025 NY Slip Op 31958(U) |
| June 2, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 152555/2021 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     **HON. MARY V. ROSADO**              PART          **33M**

                                    _Justice_

-----------------------------------------------------------------X

RENE RIVERA,                                      INDEX NO.        152555/2021

                          Plaintiff,             MOTION DATE       07/26/2024

                 - v -                            MOTION SEQ. NO.      001

AJL INTERIORS CORP., AVAILABLE SPACES, LLC, 51-53
LLC,                                              **DECISION + ORDER ON
                                                   MOTION**
                          Defendant.

-----------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 52, 53, 54

were read on this motion to/for          PARTIAL SUMMARY JUDGMENT          .

Upon the foregoing documents, and after oral argument, which took place on April 1, 2025, where Jonathan M. Turnbaugh, Esq. appeared for Plaintiff Rene Rivera ("Plaintiff"), and John Sandercock, Esq. appeared for Available Spaces, LLC ("Available Spaces") and 51-53 LLC (collectively "Defendants"), Plaintiff's motion for partial summary judgment on the issue of liability with respect to his Labor Law § 240(1) claim against Defendants Available Spaces and 51-53 LLC is denied. [1]

## I.     Background

On June 6, 2019, non-party AIK Renovation, Inc. employed Plaintiff as a carpenter and was working on an interior renovation of the first-floor premises of 51 Bank Street, New York, New York (the "Premises"). Defendant Available Spaces is a property manager at the Premises while 51-53 LLC owned the Premises (NYSCEF Doc. 49 at 8; 11). The general contractor on the Premises was AJL Interiors (NYSCEF Doc. 38 at 28).

---

[1] This matter has been discontinued as to Defendant AJL Interiors Corp. (NYSCEF Doc. 16).

**152555/2021  RIVERA, RENE vs. AJL INTERIORS CORP.**                    **Page 1 of 4**
**Motion No.  001**

1 of 4

Plaintiff was alone installing carpentry on the ceiling of the kitchen using a ladder (NYSCEF Doc. 38 at 55-59). Plaintiff was on the fourth rung of the ladder and moved his body to the left approximately three feet off the ladder to take a measurement with a measuring tape when he fell (NYSCEF Doc. 38 at 86-87). Plaintiff stated he may have fallen by leaning (NYSCEF Doc. 38 at 87). He admitted his right foot may have come off the ladder based on how he was leaning (NYSCEF Doc. 38 at 102). Plaintiff testified prior to his fall the ladder worked perfectly (NYSCEF Doc. 38 at 77-79). After he fell, Plaintiff continued working using the same ladder.

According to Plaintiff's supervisor, Plaintiff never mentioned the accident and continued working for six months without missing a day of work, until he was terminated, after which he initiated this lawsuit (NYSCEF Doc. 50 at 25). Plaintiff claimed he informed someone named Josello, but his supervisor testified he never employed anybody by that name (NYSCEF Doc. 50 at 39). Plaintiff's supervisor also testified Plaintiff never appeared injured in the six months following his alleged accident, and although Plaintiff's son also worked at AIK Renovation, Inc, his son never mentioned his father's accident (NYSCEF Doc. 50 at 44-45). Available Spaces employees on the Premises at the time of Plaintiff's alleged accident did not know about his fall (NYSCEF Doc. 49 at 19-20). Plaintiff seeks summary judgment on his Labor Law § 240(1) claim.

## II. Discussion

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce

**152555/2021 RIVERA, RENE vs. AJL INTERIORS CORP.** **Page 2 of 4**
**Motion No. 001**

[* 2] 2 of 4

evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Viewing the facts in the light most favorable to the non-moving party, here the Defendants, the Court finds there are triable issues of fact regarding credibility and whether the accident happened, precluding summary judgment. Where there are issues of fact as to the happenings of an accident, with evidence in the record impugning credibility, summary judgment on Labor Law § 240(1) is inappropriate (*see, e.g. Brielmeier v Legacy Yards tenant, LLC*, 191 AD3d 499 [1st Dept 2021]; *Buckley v J.A. Jones/GMO*, 38 AD3d 461, 462 [1st Dept 2007]).

Circumstances surrounding a plaintiff's alleged accident can raise sufficient credibility issues to defeat summary judgment – including issues regarding whether Plaintiff continued working after his accident, whether he promptly reported his accident, and complaining of an alleged injury only after a plaintiff's employer terminated him (*Simpertegui v Carlyle House Inc.*, 227 AD3d 486 [1st Dept 2024]). Further credibility issues arise from the fact that Plaintiff's supervisor testified he worked with him for six months after the accident and he did not appear injured, and although Plaintiff's son also worked for AIK Renovation, Inc., Plaintiff's son likewise never mentioned Plaintiff's alleged accident (*see also Gkoumas v Lewis Construction and Architectural Mill Work*, 233 AD3d 609 [1st Dept 2024]).

Plaintiff's credibility is further called into question, as according to Plaintiff's supervisor, he never employed anyone named "Josello" even though Plaintiff testified the only individual he spoke to about his accident was Josello. This conflicting testimony, the absence of any incident report, and the circumstances surrounding notification of the accident, raise issues of fact as to Plaintiff's credibility and whether the alleged accident occurred, therefore Plaintiff's motion is denied (*Smigielski v Teachers Ins. and Annuity Ass'n of America*, 137 AD3d 676 [1st Dept 2016]).

**152555/2021   RIVERA, RENE vs. AJL INTERIORS CORP.**                                          **Page 3 of 4**
**Motion No. 001**

[* 3]

Accordingly, it is hereby,

ORDERED that Plaintiff's motion for partial summary judgment on the issue of liability with respect to his Labor Law § 240(1) claim is denied; and it is further

ORDERED that within ten days of entry, counsel for Defendant shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 6/2/2025 | | _Mary V Rosado JSC_ |
|---|---|---|
| DATE | | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |