Rosario v Gentry Tenants Co-op (2025 NY Slip Op 06039)

Rosario v Gentry Tenants Co-op

2025 NY Slip Op 06039

Decided on October 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 30, 2025

Before: Moulton, J.P., Gesmer, González, Higgitt, Michael, JJ. 

Index No. 155290/15 595785/16|Appeal No. 5067|Case No. 2024-03632|

[*1]Fransico Rosario, Plaintiff-Appellant,
v
Gentry Tenants Co-op, et al., Defendants-Respondents, JL White Management, Inc., et. al., Defendants. _ [And Third-Party Actions] 

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Ahmuty Demers & McManus, Albertson (Timothy J. Layer of counsel), for Gentry Tenants Co-op, Andrea Bunis Management, Inc., respondents.
O'Malley & Padovani, Elmsford (Melissa L. Cowan of counsel), for Leardon Boiler Works, Inc., respondent.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about May 8, 2024, which, to the extent appealed from, denied plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff alleges he was injured while transporting a hot water tank weighing between 300 and 500 pounds on a hand truck, which was being maneuvered up a short set of stairs. Plaintiff and another worker each held one of the hand truck's two handles, and another two workers pushed from the bottom of the hand truck. Plaintiff testified at his deposition that the worker who held the other hand truck handle cut his hand on the water tank as they tried to pull the hand truck up the steps, causing that worker to release the handle, which in turn caused the water tank, which was secured with a rope, to shift. The weight of the elevated water tank caused plaintiff to crouch down, and the water tank momentarily came down onto plaintiff's body, before the men lifted it off him and they completed the job.
One of the three other men helping to transport the hot water tank testified that he could not recall any such accident, another stated that plaintiff merely lost his footing for a second before the hot water tank was righted, and the third testified that the tank never came into contact with plaintiff. These conflicting witness accounts, including an issue of witness credibility arising out of one of the men's testimony that plaintiff offered him money to support his version of events, warrant denial of the motion (see e.g. Moore v Skanska USA Bldg., Inc., 237 AD3d 566 [1st Dept 2025]; Ellerbe v Port Auth. of N.Y. & N.J., 91 AD3d 441 [1st Dept 2012]). The contrasting versions of the event in question make it impossible to determine, as a matter of law, whether the water tank was properly secured to the hand truck, whether plaintiff's accident was proximately caused by a gravitational force, and whether plaintiff alone made the decisions regarding how to transport the hot water tank such that he was the sole proximate cause of his injuries (cf. Colon, 228 AD3d at 423; see also Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39 [2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 30, 2025