(February 6, 2003)

■ NORMA V. KRAUS, Appellant-Respondent, v CALICHE
REALTY ESTATES, INC., et al., Respondents-Appellants. [755
NYS2d 38] —Order, Supreme Court, New York County (Walter
Tolub, J.), entered July 9, 2002, which granted defendants' mo-
tion to set aside the verdict as against the weight of the evi-
dence only to the extent of directing a new trial on the issue of
liability, and denied plaintiff's cross motion to increase the ad
damnum clause of the complaint, unanimously modified, on
the law and the facts, to deny the motion insofar as it related
to liability, and grant the motion to the extent of setting aside
the award of damages and directing a new trial on the issue of
damages only, and otherwise affirmed, without costs, unless
plaintiff, within 30 days of service of a copy of this order,
stipulates to reduce the awards for past and future pain and
suffering to $1 million and $450,000, respectively, and to the
entry of a judgment in accordance therewith, and the appeal
otherwise dismissed as academic.

Plaintiff, a manager of a jewelry store, allegedly sustained,
inter alia, severe multiple fractures to her ankle and arm and
broke a tooth as a result of a fall down a steep staircase, which
was improperly barricaded and located in the open showroom
area of the store. In the complaint, defendant Caliche Realty
Estates, Inc. (Caliche) was identified as the owner/landlord of
the subject premises and defendants IG Second Generation
Partners, L.P. (IG Partners) and I. Bldg Co., Inc. (Bldg Co.)
were identified as co-owners. In their original answer, defen-
dants admitted control and ownership of the premises, but by
the time of their third amended answer, they qualified their
admission to state that "at times and in part" Caliche operated
and managed portions of the premises. There was no such
denial, however, by Bldg Co.

At trial, plaintiff testified, inter alia, that she would contact
defendants' superintendent when repairs were needed at the
store and that on three separate occasions in the recent past,
the superintendent entered the store and made the necessary
repairs. Further, an employee of the managing agent of the
premises testified that it was her understanding that Caliche
had control over the subject premises.

The jury subsequently returned a verdict awarding plaintiff

$2 million for past pain and suffering and $1 million for future pain and suffering. Defendants moved for judgment notwithstanding the verdict or, alternatively, to set aside the verdict and order a new trial since: (1) the jury's findings regarding defendants' control over the premises were against the weight of the evidence; (2) the jury's finding of zero comparative fault on the part of plaintiff was against the weight of the evidence; and (3) the verdict was excessive. Plaintiff opposed the motion and cross-moved to increase the ad damnum clause from $3 million to $4 million in order to accommodate the $120,501.50 in special damages stipulated to by the parties and to cover the amount of interest which will accrue from the judgment.

By order entered July 9, 2002, the trial court, inter alia, granted the motion to the extent of vacating the jury's finding that Caliche had control of the premises as against the weight of the evidence, ordered a new trial on the issue of Caliche's control over that portion of the premises where the subject accident occurred and denied the cross motion.

The court erred in vacating the jury's finding that Caliche had control of the premises as against the weight of the evidence and in ordering a new trial with respect to that issue. There was sufficient evidence from which the jury could infer that defendants had control over that part of the subject premises in which the staircase was located and that they breached their duty to keep the premises in a reasonably safe condition. Likewise, there was sufficient evidence from which the jury could infer that defendants had retained sufficient control over the premises to be charged with notice of the readily apparent structural defect, which presented an unreasonably dangerous condition, and that such defect was the proximate cause of plaintiff's injuries. The jury appropriately considered defendants' admission of control of the premises and of the stairwell in their initial pleading as well as the testimony elicited at trial from both plaintiff and the employee of the managing agent regarding repairs and control. In light of such proof, the jury properly followed the court's jury charge and found that defendants did have control over the portion of the store in question. Similarly, the jury's finding that plaintiff's negligence did not contribute to the cause of her accident was a fair interpretation of the evidence by the jury and will not be disturbed.

After a comparison of analogous cases and notwithstanding the severe injuries plaintiff sustained, the multiple surgeries, numerous medical procedures and extensive rehabilitation already endured by plaintiff and those anticipated in the future,

and the onset of degenerative arthritis resulting from her injuries, the jury's awards of $2 million for past pain and suffering and $1 million for future pain and suffering deviate materially from what would be reasonable compensation and should be reduced to $1 million for past pain and suffering and $450,000 for future pain and suffering (CPLR 5501 [c]; *see Donlon v City of New York*, 284 AD2d 13; *Kahl v MHZ Operating Corp.*, 270 AD2d 623; *Rydell v Pan Am Equities*, 262 AD2d 213). Since the $120,501.50 award for special damages was stipulated and shall be added to the foregoing reduced awards for past and future pain and suffering, we need not consider it, and in light of such reduction, the cross motion is dismissed as academic. Concur—Buckley, J.P., Ellerin, Lerner, Friedman and Marlow, JJ.