■ MARK RESNICK, as Executor of GEORGE RESNICK, Deceased, Respondent, v ALBERT H. SOCOLOV, ESQ., et al., Appellants. [771 NYS2d 889]—

Judgment, Supreme Court, New York County (Louis York, J.), entered May 4, 2001, which, after a jury trial, found defendant Albert Socolov liable for breach of fiduciary duty and conversion, and awarded treble damages in the principal amount of $12,150, plus pre and postverdict interest and costs; dismissed the action as against the corporate defendant; and awarded judgment dismissing the action as against defendant William Socolov, without costs, unanimously modified, on the law and the facts, to vacate the award of preverdict interest, to vacate the award of damages and remaining interest insofar as made to plaintiff and to make that award instead to the corporation, and to award costs to defendant William Socolov, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered March 5, 2001, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff's decedent and William Socolov were each 50% shareholders in the closely held corporate defendant. This action was initially brought by the decedent in his individual and derivative capacities, after it was discovered that attorney Albert

Socolov had made unauthorized disbursements from the corporate account.

Plaintiff, the substituted representative of the decedent's estate, concedes that the judgment awarded is for the benefit of the corporation. Plaintiff is entitled to his legal costs, but the damages and interest should go directly to the injured corporation (*Glenn v Hoteltron Sys.*, 74 NY2d 386 [1989]). We modify accordingly (*Wolf v Rand*, 258 AD2d 401 [1999]) to direct the award to the corporation not as a dismissed party defendant, but rather in its capacity as beneficiary of the derivative action as originally captioned when brought by the decedent.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of credibility were properly considered by the jury, and there is no basis for disturbing its determinations (*Cohen v Hallmark Cards*, 45 NY2d 493 [1978]). However, preverdict interest is inconsistent with an award of treble damages under Judiciary Law § 487 (*see Delulio v 320-57 Corp.*, 99 AD2d 253 [1984]). As conceded by plaintiff's attorney at oral argument, defendant William Socolov is entitled to costs (CPLR 8101). Concur—Tom, J.P., Andrias, Sullivan and Friedman, JJ.