■ MARIA SOTO, Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Defendants, CONSOLIDATED EDISON COMPANY OF NEW YORK, Respondent, and ATLANTIC EXPRESS, INC., Appellant. CONSOLIDATED EDISON COMPANY OF NEW YORK, Third-Party Plaintiff-Respondent, v TRI-MESSINE CONSTRUCTION CORP., Third-Party Defendant-Respondent. [783 NYS2d 527]—

Judgment, Supreme Court, Bronx County (Howard R. Silver, J.), entered November 22, 2002, which, upon a jury verdict finding defendant Atlantic Express, Inc. solely responsible for plaintiff's harm, inter alia, awarded plaintiff damages in the total amount of $654,484.05, unanimously modified, on the facts, to vacate the award of damages for future pain and suffering, and otherwise affirmed, without costs, and the matter remanded for a new trial solely as to damages for future pain and suffering, unless plaintiff, within 30 days of service of a copy of this order, stipulates to reduce the award for future pain and suffering to $200,000 and to entry of an amended judgment in accordance therewith.

Although defendant school bus operator Atlantic Express contends that the liability verdict against it is against the weight of the evidence, it was the jury's prerogative to credit the infant

plaintiff's account of the accident (*Resnick v Socolov*, 5 AD3d 125, 126 [2004]) and, having done so, to fairly conclude (*see Nicastro v Park*, 113 AD2d 129, 134 [1985]) that plaintiff's injury was attributable to the breach by Atlantic Express's driver of his duty to afford the infant plaintiff, a student passenger, a safe place to alight from the bus (*see Miller v Fernan*, 73 NY2d 844, 846 [1988]). Also unavailing is Atlantic Express's contention that the trial court should not have dismissed the action as against Con Edison, since, so far as can be discerned from the record on appeal, there was no proof that Con Edison was responsible for the street depression into which plaintiff claimed to have stepped when she disembarked from the bus.

However, given the nature of plaintiff's ankle injury and the evidence to the effect that it has had only minimally impeded her daily activities and has required no medical treatment for many years, we find that the jury's award of $550,000 for future pain and suffering deviates materially from what is reasonable compensation under the circumstances (*see Kraus v Caliche Realty Estates, Inc.*, 302 AD2d 214 [2003], *lv denied* 100 NY2d 503 [2003]) to the extent indicated.

We have considered Atlantic Express's remaining arguments and find them unavailing. Concur—Tom, J.P., Sullivan, Williams, Friedman and Marlow, JJ.