**Leone v Brown Forman Corp.**

2025 NY Slip Op 31333(U)

April 17, 2025

Supeme Court, New York County

Docket Number: Index No. 151627/2019

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**

*Justice*

-------------------------------------------------------------------X

DONALD LEONE,

Plaintiff,

- v -

BROWN FORMAN CORPORATION,

Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| PART | **33M** |
| INDEX NO. | 151627/2019 |
| MOTION DATE | 2/5/2025 |
| MOTION SEQ. NO. | 006 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 006) 131, 132, 133, 134, 135, 140, 142, 143, 144, 145

were read on this motion to/for _____ POST JUDGMENT OTHER _____.

Upon the foregoing documents, and after oral argument, which took place on February 5, 2025, where Stewart Lee Karlin, Esq. and Daniel E. Dugan, Esq. appeared for Plaintiff Donald Leone ("Plaintiff") and Rosemary Alito, Esq. and Callie Ives, Esq. appeared for Defendant Brown Forman Corporation ("Defendant"), Defendant's motion to (a) set aside the jury's verdict or, in the alternative (b) ordering a new trial on Plaintiff's retaliation claim and damages is granted in part and denied in part.

## I.     Background

Plaintiff, formerly employed by Defendant as a salesperson for thirty-four years, was ultimately terminated in January of 2019 after he complained to his employer about feeling unfairly scrutinized and penalized based on his age and after disclosing difficulties he faced due to his recently diagnosed ulcerative colitis. Defendant cited poor job performance and failure to provide proper accounting and documentation of business expenses as reasons for his termination. Shortly thereafter, on February 13, 2019, Plaintiff initiated this lawsuit alleging age and disability discrimination, retaliation, and hostile work environment under both the New York State Human

151627/2019   LEONE, DONALD vs. BROWN FORMAN CORPORATION
Motion No.  006

Page 1 of 11

[* 1]

Rights Law and New York City Human Rights Law. The note of issue was filed on March 4, 2021. On May 27, 2021, Plaintiff discontinued his claims against Defendants Michael Accorsi, Danielle Goodson, Joel Elmer, and Diane Nguyen (NYSCEF Doc. 78). June 1, 2021, Defendant moved for summary judgment. On or about January 12, 2024, Justice Verna L. Saunders denied Defendant's motion in its entirety (NYSCEF Doc. 98).[1] This case proceeded to trial on September 11, 2024.

After a five-day trial, on September 16, 2024, the jury deliberated and returned a verdict that same day. The jury found Plaintiff was not discriminated against based on age or disability, and not subjected to a hostile work environment. However, the jury found Defendant retaliated against Plaintiff for complaining about discrimination and awarded him $1,005,000 in lost back earnings and $600,000 in lost incidental employment compensation.

Defendant moves to enter judgment for it on Plaintiff's retaliation claim, notwithstanding the jury's verdict. Defendant claims there is no valid reasoning which supports a finding that Defendant's conduct was causally connected to Plaintiff's complaints about discrimination. Defendant argues the temporal lapse between Plaintiff's complaints and his termination preclude any inference of causation, and Defendant's discipline and scrutiny of Plaintiff pre-dated his complaints about discrimination. Defendant also argues it proffered uncontroverted evidence of a non-retaliatory reason for Plaintiff's termination, namely, Plaintiff failed to produce documentation for $50,000 worth of product purchased and expensed to Defendant, despite multiple requests to do so.

Alternatively, Defendant asks for a new trial because the jury's verdict was against the weight of the evidence. Defendant further argues that there is no basis for the jury's award of $600,000 in incidental damages. Finally, Defendant argues it is entitled to a new trial in the interest

---

[1] As of the date of this Decision and Order, an appeal of the decision denying Defendant's summary judgment motion remains pending, although it has been perfected.

**151627/2019 LEONE, DONALD vs. BROWN FORMAN CORPORATION**
**Motion No. 006**

Page 2 of 11

of justice for two reasons. First, Defendant asks for a new trial because although this Court granted Defendant an adverse inference charge based on Plaintiff's failure to produce documentation related to his mitigation of damages, the Court did not preclude Plaintiff entirely from introducing evidence regarding his attempts to mitigate his damages. Defendant also argues that during summation, Plaintiff's counsel read from Mr. Accorsi's deposition transcript, which was not in evidence, and mischaracterized Mr. Accorsi's deposition testimony as his trial testimony. Plaintiff opposes Defendant's motion in its entirety, except he agrees that the jury's incidental damage award should be reduced.

## II. Discussion

### A. Defendant's Motion for Judgment Notwithstanding the Verdict

#### i. Standard

Pursuant to CPLR § 4404(a), any party may set aside a verdict, or any judgment entered thereon, where the verdict is contrary to the weight of the evidence or in the interest of justice. A verdict is against the weight of the evidence where it is "utterly irrational for a jury to reach the result it has determined" (*Cohen v Hallmark Cards, Inc.*, 45 NY2d 493 [1978]). Absent this high bar, the Court may not conclude that the verdict is, as a matter of law, not supported by the evidence (*New York City Asbestos Litig. (McWilliams)*, 224 AD3d 597 [1st Dept 2024]). Likewise, where an issue of fact exists, the Court may not direct a verdict (*Resnick v Socolov*, 5 AD3d 125, 126 [1st Dept 2004] citing *Cohen, supra*; *see also Weiss v City of New York*, 306 AD2d 64 [1st Dept 2003]). On a motion to set aside the verdict, the Court must view the facts in the light most favorable to the nonmovant (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]).

To set forth a *prima facie* case of retaliation under the New York City Human Rights Law, a plaintiff must show (1) they engaged in protected activity known to defendant; (2) defendant

[* 3]

took an adverse action against the plaintiff; and (3) there exists a causal connection between the protected activity and the adverse action" (*Cadet-Legros v New York Univ. Hosp. Center*, 135 AD3d 196, 206 [1st Dept 2015] quoting *Fletcher v Dakota, Inc.*, 99 AD3d 43, 51-52 [1st Dept 2012]). Once this minimal showing has been made, the burden shifts to the defendant to proffer a legitimate, nondiscriminatory reason for its actions (*Koester v New York Blood Center*, 55 AD3d 447, 448 [1st Dept 2008] citing *Mcdonnell Douglas Corp. v Green*, 411 US 792 [1973]).

The New York City Human Rights Law employs a mixed-motive test which recognizes that there may be multiple motives behind retaliatory or discriminatory behavior (*Suri v Grey Global Group, Inc.*, 165 AD3d 108, 118 [1st Dept 2018]). Thus, although there may exist a legitimate and nondiscriminatory reason for an adverse employment action, if a Plaintiff can show that retaliatory animus was another motivating factor for the adverse employment action, he maintains a valid retaliation claim (*Franco v Hyatt Corp.*, 189 AD3d 569, 571-572 [1st Dept 2020]). Evidence of an employer's motives need not be direct, and the factfinder is entitled to ascertain an impermissible motive from circumstantial evidence (*Reeves v Sanderson Plumbing Prods., Inc.*, 530 US 133 [2000]; *Mihalik v Credit Agricole Cheauvreux North America, Inc.*, 715 F3d 102, 115-116 [2d Cir 2013]).

### ii. Causation and Defendant's Proffered Legitimate Reason for Termination

The branch of Defendant's motion seeking judgment as a matter of law is denied. Defendant first argues that Plaintiff failed to show causation because the temporal proximity between Plaintiff's complaints and his termination is too attenuated. However, the First Department has repeatedly held that where there are other facts supporting causation, a lack of temporal proximity between the protected activity and the adverse employment action is not fatal

**151627/2019  LEONE, DONALD vs. BROWN FORMAN CORPORATION**
Motion No. 006

**Page 4 of 11**

4 of 11

to a retaliation claim (*Local 621 v New York City Department of Transportation*, 178 AD3d 78, 83 [1st Dept 2019]; *Harrington v City of New York*, 157 AD3d 582, 586 [1st Dept 2018]).

In any event, the record placed before the jury was sufficient to allow the jury to find retaliatory animus within one month of Plaintiff complaining about discrimination. In the summer of 2017, Plaintiff testified he began experiencing symptoms of ulcerative colitis, which included blood loss, fatigue, insomnia, and gastrointestinal pains (Tr. 236). Plaintiff had communicated these issues to his supervisor, Michael Accorsi (*Id.*). In October of 2017, as part of a structural reorganization, Plaintiff was given a new job title with similar responsibilities (Tr. 236). Simultaneously, Plaintiff was given a "development plan." According to Diane Nguyen, Defendant's Vice President of Human Resources, Defendant used development plans commonly; they were not considered punishment and could be used to help employees get to the next "job or career path" (Tr. 656). Plaintiff testified he completed the plan and his supervisor, Michael Accorsi communicated to him verbally that he had completed it successfully (Tr. 246).

On January 25, 2018, Plaintiff testified he met with Mr. Accorsi and the territory manager of New York and New Jersey, Danielle Goodson (Tr. 252). According to Plaintiff, the minute the meeting started he was met with an unprofessional, hostile, and berating atmosphere that ended with Mr. Accorsi apparently kicking a chair and slamming a door (Tr. 252-53). Plaintiff testified that on February 27, 2018, he was running late to a meeting with Mr. Accorsi and others because he was next door consummating a sale (Tr. 254-259). Nonetheless, when Plaintiff arrived at the meeting, Mr. Accorsi "excoriated" Plaintiff in front of 70-100 employees consisting of management and the Brown-Forman salesforce (Tr. 259). On March 29, 2018, Plaintiff complained to Mr. Accorsi, Ms. Goodson, and Human Resources that he was being targeted based on his age and health issues, and that he was concerned he was being tasked with extra

151627/2019  LEONE, DONALD vs. BROWN FORMAN CORPORATION                    Page 5 of 11
Motion No. 006

5 of 11

administrative work that he believed other employees were not tasked with (Tr. 259-60). One month later, on April 30, 2018, Plaintiff was placed on a performance improvement plan (Tr. 267-68). According to Ms. Nguyen, performance improvement plans are different from development plans and can result in termination (Tr. 657). On June 1, 2018, Plaintiff was invited to an industry event where he had on multiple prior occasions given presentations, but that year he was not allowed to present and instead just served wine (Tr. 273). On June 10, 2018, Plaintiff took medical leave for his worsening ulcerative colitis.

The jury heard other evidence which they were entitled to construe as scheming by Brown-Forman management to force Plaintiff out of the company. On June 5, 2018, Johnny Manuel, the head of sales at Brown-Forman, e-mailed Ms. Nguyen and asked if Plaintiff qualified for an early retirement plan – when Ms. Nguyen stated he did not, Mr. Manuel stated he was "thinking of how to finish this easier for all." Ms. Nguyen responded with "[w]e will get there…Amanda [a human resources employee] is on it!" A few weeks later, on June 25, 2018, another e-mail from Johnny Manuel to Ms. Nguyen stated they "need to talk" and that "I expect some problems when he returns from [short-term disability]) (Tr. 695:7-26). Plaintiff returned to work on October 7, 2018 and continued until he was hospitalized on October 22, 2018, after which he remained on unpaid leave until his termination in January of 2019.

Given this timeline of events and the evidence presented, it was not utterly irrational for the jury to find that Defendant retaliated against Plaintiff for complaining about discrimination. Indeed, the conduct presented to the jury was neither temporally attenuated nor a mere continuation of Plaintiff's development plan but constituted new and escalated conduct that provides a well-founded basis for the jury's factual determination (*see, e.g. Doe v New York City Police Department*, 190 AD3d 411, 413 [1st Dept 2021]). Moreover, given the e-mail correspondence

[* 6]

between Mr. Manuel and Ms. Nguyen, and the testimony of other witnesses who had no recollection of Plaintiff picking up the thousands of dollars of allegedly missing merchandise, the jury was entitled to discredit Defendant's basis for terminating Plaintiff (*Reeves v Sanderson Plumbing Prods, Inc.*, 120 US 133, 147-148 [2000]; *Sheridan v E.I DuPont de Nemours and Co.*, 100 F.3d 1061, 1085 [3d Cir. 1996] [Alito, J. concurring]). It was for the jury to assess the witnesses' credibility and ascertain whether Plaintiff was terminated for the allegedly false invoices or because of retaliatory animus.

Finally, even if the jury believed that Defendant did fire Plaintiff for its proffered reason, under the New York City Human Rights Law's mixed motive test, and given the evidence presented, the jury was entitled to find that retaliatory animus was another motivating favor in terminating Plaintiff (*Franco v Hyatt Corp.*, 189 AD3d 569, 571-572 [1st Dept 2020]). Thus, Plaintiff's motion to set aside the verdict and enter judgment for it is denied.

### B. Against the Weight of the Evidence

#### i.      Standard

In order for this Court to disregard the jury's verdict, the weight of the evidence must be "'so preponderate[d] in favor of the [moving party] that [it] could not have been reached on any fair interpretation of the evidence'" (*Killon v Parrotta*, 28 NY3d 101, 107 [2016] quoting *Lolik v Big V Supermarkets, Inc.*, 86 NY2d 744, 746 [1995]). The jury is to be afforded great deference, and the jurors may reject and assess the credibility of witnesses (*Rozon v Schottenstein*, 204 AD3d 94 [1st Dept 2022]). In determining whether a verdict is against the weight of the evidence, the non-moving party is afforded "every inference which may properly be drawn from the facts presented, and the facts must be considered in the light most favorable to the nonmovant" (*KBL, LLP v Community Counseling & Mediation Services*, 123 AD3d 488 [1st Dept 2014] quoting

*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). Where there is conflicting testimony, the jury is entitled to determine which fact witnesses it finds most credible (*Gonzalez v NYC Department of Citywide Administrative Services*, 190 AD3d 416 [1st Dept 2021]). Simply because there is some evidence which may support "each party's position with regard to liability does not mean that the jury exceed[s] its province in determining which evidence to accept and which to reject" (*Demetro v Dormitory Authority*, 199 AD3d 605 [1st Dept 2021]).

### ii.    Retaliation Claim

Defendant's motion for a new trial on Plaintiff's retaliation claim is denied. As discussed at length in the preceding section, there was ample evidence for the jury to find that retaliatory animus was a motivating factor in terminating Plaintiff. This Court declines to disturb the jury's weighing of credibility and assessment of the sharply contradictory narratives presented.

### iii.    Incidental Damage Award

Defendant's motion to reduce the jury's incidental damage award is granted without opposition. The jury awarded $600,000 in incidental damages despite evidence presented indicating only $130,000 in incidental damages. Moreover, Plaintiff agrees the incidental damage award should be reduced to $130,000.

## C. New Trial in the Interest of Justice

### i.    Standard

A new trial in the interest of justice is only warranted where there "is evidence that substantial justice has not been done" (*Schafrann v N.V. Famka, Inc.*, 14 AD3d 363, 364 [1st Dept 2005]). In the absence of such evidence, litigants are "entitled to the benefits of a favorable jury verdict" (*Cholewinski v Wisnicki*, 21 AD3d 791, 791 [1st Dept 2005]). Although a trial court has the discretion to order a new trial in the interest of justice where misconduct unduly affects a

verdict, such discretion should be exercised sparingly and only where the misconduct deprives a litigant of "substantial justice." (*Selzer v New York City Transit Auth.*, 100 AD3d 157, 162 [1st Dept 2012]).

### ii.     The Job Search List

Defendant's motion for a new trial in the interest of justice based on inclusion of the job search list is denied. Defendant was not deprived of substantial justice as a result of the job search list being included, and Defendant was even granted an adverse inference charge which was read to the jury based on Plaintiff's failure to produce the job search list. Moreover, when this Court granted Defendant an adverse inference charge regarding the job search list, the Court advised Defendant that it would not preclude Plaintiff from testifying about his efforts to mitigate his damages. The Court invited counsel to put any comments on the record regarding the ruling, and Defense counsel stated "[n]othing from defendant." (*Matter of New York City Asbestos Litig.*, 224 AD3d 597, 599 [1st Dept 2024]; *Block v Nico Const. Co., Inc.*, 260 AD2d 263, 264 [1st Dept 1999] [issue unpreserved where party did not object at trial]; *Centrifugal Associates, Inc. v Highland Metal Industries, Inc.*, 224 AD2d 254, 254 [1st Dept 1996] [failure to object to trial court's ruling resulted in waiver of objection]; *Dayanim v Unis*, 171 AD2d 579 [1st Dept 1991]).

Moreover, even if this Court were to consider the merits of Defendant's argument, and in light of the the adverse inference charge given in favor of Defendant, it would still not find misconduct rising to the level of depriving Defendant of substantial justice. The job search list was introduced to rebut Defendant's argument that Plaintiff failed to mitigate his damages. However, there was other evidence the jury considered in determining whether Plaintiff failed to mitigate. Plaintiff, who had worked for Defendant for three decades, was terminated near the age of 60 and claimed there was a letter circulating amongst the liquor industry that he stole from Defendant. He

151627/2019   LEONE, DONALD vs. BROWN FORMAN CORPORATION                    Page 9 of 11
Motion No.   006

9 of 11

[* 9]

testified his age and the damaging letter prevented him from finding new employment. Thus, there was no deprivation of substantial injustice by allowing the job search list into evidence, as there was other strong evidence presented to the jury explaining why Plaintiff failed to find a new job, and the Court granted Defendant's application for an adverse inference charge. Even if this Court precluded the job search list from evidence, the jury still could have found, based on a fair interpretation of the evidence, that Plaintiff mitigated his damages as best as he could.

Defendant's counsel also had the opportunity to cross-examine Plaintiff extensively about the job search and his failure to produce documentation earlier, thereby damaging his credibility in front of the jury. Thus, the motion for a new trial in the interest of justice based on the introduction of the job search list is denied.

### iii.    Plaintiff's Counsel's Summation Remarks

Finally, Defendant's motion for a new trial in the interest of justice based on Plaintiff's mischaracterization of Michael Accorsi's deposition testimony as trial testimony is denied. The jury was instructed on multiple occasions that any remarks made during opening and closing arguments are not evidence, including after Plaintiff's counsel mischaracterized Mr. Accorsi's deposition testimony. Moreover, the quoted deposition testimony was not substantially different from Mr. Accorsi's trial testimony, and therefore Defendant cannot show such grave prejudice that a new trial is warranted in the interest of justice (*see, e.g. Matter of New York City Asbestos Litig.*, 224 AD3d 597, 599 [1st Dept 2024] ["any improprieties in summation were not so egregious or pervasive as to warrant reversal"]). Thus, this branch of Defendant's motion is denied.

*[The remainder of this page is intentionally left blank.]*

Accordingly, it is hereby,

ORDERED that Defendant's motion is granted solely to the extent that the jurors' award to Plaintiff of $600,000 in incidental damages is reduced to $130,000, without opposition from the Plaintiff; and it is further

ORDERED that in all other respects Defendant's motion is denied; and it is further

ORDERED that within twenty days of entry of this Decision and Order, counsel for Plaintiff shall submit a proposed judgment to be so ordered by this Court for submission to the County Clerk; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| _____4/17/2025_____ | | | | _____May V Rosado JSC_____ | | |
| DATE | | | | HON. MARY V. ROSADO, J.S.C. | | |

| CHECK ONE: | | x | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | | | GRANTED | | DENIED | x | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**151627/2019   LEONE, DONALD vs. BROWN FORMAN CORPORATION**                Page 11 of 11
**Motion No.  006**

11 of 11